United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SABRINA M. PARRA,<br>　　　　Plaintiff,<br>　v.<br>NANCY A. BERRYHILL,<br>　　　　Defendant. | Case No. 18-cv-06201-VKD<br><br>**ORDER RE CROSS-MOTIONS FOR SUMMARY JUDGMENT**<br>Re: Dkt. Nos. 18, 22 |

Plaintiff Sabrina M. Parra appeals a final decision of the Commissioner of Social Security ("the Commissioner") denying her application for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 1381, *et seq*. The parties have filed cross-motions for summary judgment. Dkt. Nos. 18, 22.

Ms. Parra contends that the Commissioner's denial of benefits reflects multiple errors: (1) improper weighting of medical opinions or statements from Ms. Parra's treating, examining, and non-examining physicians concerning her ability to reach; (2) improper finding that Ms. Parra's testimony was not entirely credible or consistent with the record; and (3) incorrect assessment of the testimony of the vocational expert.

The matter was submitted without oral argument. Upon consideration of the moving and responding papers and the relevant evidence of record, for the reasons set forth below, the Court denies Ms. Parra's motion for summary judgment and grants the Commissioner's cross-motion for summary judgment.[1]

---

[1] All parties have expressly consented that all proceedings in this matter may be heard and finally adjudicated by a magistrate judge. 28 U.S.C. § 636(c); Fed. R. Civ. P. 73; Dkt. Nos. 11, 18.

## I. BACKGROUND

Ms. Parra seeks disability benefits beginning December 10, 2013. AR 17–18. She applied for benefits on January 22, 2015. AR 185–88. An Administrative Law Judge ("ALJ") held a hearing and issued an unfavorable decision on September 29, 2017. AR 15–23. The ALJ found that Ms. Parra had the following severe impairments: obesity, rotator cuff partial tear, and lumbar degenerative disc disease. AR 18. The ALJ concluded that Ms. Parra did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments. *Id.* The ALJ then determined that Ms. Parra's residual functional capacity ("RFC") limited her to light work, except that she could lift and carry 20 pounds occasionally and 10 pounds frequently, that she could sit, stand, and walk for 6 hours each, that she could push and pull as much as she could lift and carry, and that she could frequently reach overhead and in other directions with her right arm. AR 18–20. The ALJ concluded that Ms. Parra was not disabled because she was capable of performing jobs that exist in the national economy, such as a copy machine operator, housekeeping/cleaner, and cafeteria attendant. AR 22–23.

The Appeals Council denied Ms. Parra's request for review of the ALJ's decision. AR 1–3. Ms. Parra filed this action on October 10, 2018. Dkt. No. 1.

## II. STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court has the authority to review the Commissioner's decision to deny benefits. The Commissioner's decision will be disturbed only if it is not supported by substantial evidence or if it is based upon the application of improper legal standards. *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999); *Moncada v. Chater*, 60 F.3d 521, 523 (9th Cir. 1995). In this context, the term "substantial evidence" means "more than a mere scintilla but less than a preponderance—it is such relevant evidence that a reasonable mind might accept as adequate to support the conclusion." *Moncada*, 60 F.3d at 523; *see also Drouin v. Sullivan*, 966 F.2d 1255, 1257 (9th Cir. 1992). When determining whether substantial evidence exists to support the Commissioner's decision, the Court examines the administrative record as a whole, considering adverse as well as supporting evidence. *Drouin*, 966 F.2d at 1257; *Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989). Where evidence exists to

support more than one rational interpretation, the Court must defer to the decision of the Commissioner. *Moncada*, 60 F.3d at 523; *Drouin*, 966 F.2d at 1258.

## III. DISCUSSION

### A. Evaluation of Medical Source Opinions

Ms. Parra contends that the ALJ erred in discounting or rejecting Dr. Eduardo Lin's opinion as well as the portions of the opinions of Drs. Farah Rana, F. Greene, and G. Lee concerning Ms. Parra's ability to reach.

#### 1. Treating physician Eduardo Lin, M.D.

The ALJ found Dr. Eduardo Lin's opinion "overly restrictive and inconsistent with the evidence of record as a whole." AR 21. Ms. Parra argues that the ALJ erred in giving little weight to Dr. Lin's opinion on Ms. Parra's restrictions in his medical source statement. Dkt. No. 18 at 8–10.

Dr. Lin provided treatment to Ms. Parra from February 20, 2014 to September 24, 2014 in connection with her claim for workers' compensation. AR 21, 301–34. In September 2014, Dr. Lin provided a medical source statement diagnosing Ms. Parra with a lumbosacral disc injury and a right shoulder rotator cuff injury that caused her pain in her shoulder, back, and leg, which was temporarily relieved by Vicodin and Lyrica medication. AR 425–28. He noted that she experienced muscle spasms and weakness and cited the results of MRIs taken of her shoulder and back. AR 425. Dr. Lin also noted that Ms. Parra experienced depression, decreased energy, and sleep disturbance, and that her pain and other symptoms were constantly severe enough to interfere with attention and concentration needed to perform even simple work tasks. AR 426.

With respect to Ms. Parra's functional limitations, Dr. Lin opined that she could only sit for an hour at a time and stand for 15 minutes at a time, and that in total during an eight-hour workday, she could only sit, stand, or walk for two hours each. *Id.* Dr. Lin stated that Ms. Parra needed to walk every 20 minutes for 10-15 minutes, and that she needed a job that permitted shifting from sitting, standing, or walking at will due to her pain, muscle weakness, and chronic fatigue. AR 426–27. Dr. Lin also stated that Ms. Parra needed to take unscheduled breaks to rest on average for 60 minutes before she was able to return to work. AR 427. Additionally, Dr. Lin

opined that Ms. Parra could never look down and could only rarely turn her head right or left, look up, or hold her head in a static position. *Id.* With respect to her postural limitations, Dr. Lin opined that Ms. Parra could never twist, stoop, crouch, squat, or climb ladders or stairs. *Id.* Finally, Dr. Lin stated that Ms. Parra was only capable of using her right hand to grasp, turn, or twist objects, her right fingers for fine manipulations, and her right arm for reaching 10% of the time each. AR 428.

A treating physician's opinion is entitled to "controlling weight" if it "is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence" in the record. 20 C.F.R. § 404.1527(c)(2) (2016).[2] "However, '[t]he ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings.'" *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1228 (9th Cir. 2009) (quoting *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002)).

When an ALJ gives a treating physician's opinion less than controlling weight, the ALJ must do two things. First, the ALJ must consider other factors, including the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability, consistency with the record, and specialization of the physician. *Trevizo v. Berryhill*, 871 F.3d 664, 675 (9th Cir. 2017) (citing 20 C.F.R. § 404.1527(c)(2)-(6)). Consideration must also be given to other factors, whether raised by the claimant or by others, or if known to the ALJ, including the amount of relevant evidence supporting the opinion and the quality of the explanation provided; the degree of understanding a physician has of the Commissioner's disability programs and their evidentiary requirements; and the degree of his or her familiarity with other information in the case record. 20 C.F.R. § 404.1527(c)(6) (2016); *Orn v. Astrue*, 495 F.3d 625, 631 (9th Cir. 2007). The failure to consider these factors, by itself, constitutes reversible error. *Trevizo*, 871 F.3d at 676.

---

[2] Although the Commissioner's rules and regulations regarding the evaluation of medical evidence were revised in 2017, there appears to be no dispute that those revisions do not apply to Ms. Parra's claims, which were filed before those revisions went into effect.

4

Second, the ALJ must provide reasons for rejecting or discounting the treating physician's opinion. The legal standard that applies to the ALJ's proffered reasons depends on whether or not the treating physician's opinion is contradicted by another physician. When a treating physician's opinion is not contradicted by another physician, the ALJ must provide "clear and convincing" reasons for rejecting or discounting the opinion, supported by substantial evidence. *Id.* at 675. When a treating physician's opinion is contradicted by another physician, an ALJ must provide "specific and legitimate reasons" for rejecting or discounting the treating physician's opinion, supported by substantial evidence. *Id.* "The ALJ can meet this burden by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989) (quotations and citation omitted).

With respect to the ALJ's first responsibility—consideration of other factors—the ALJ did not consider all the factors he was required to consider under 20 C.F.R. § 404.1527(c)(2)-(6). 20 C.F.R. § 404.1527(c) ("Unless we give a treating source's medical opinion controlling weight under paragraph (c)(2) of this section, we consider *all* of the following factors in deciding the weight we give to any medical opinion.") (emphasis added); *see also Ghanim v. Colvin*, 763 F.3d 1154, 1161 (9th Cir. 2014) ("The ALJ is required to consider the factors set out in 20 C.F.R. § 404.1527(c)(2)-(6) in determining how much weight to afford the treating physician's medical opinion."). Although the ALJ noted that Dr. Lin was Ms. Parra's workers' compensation doctor and that Dr. Lin was not a psychologist, he did not otherwise discuss the length or extent of the treatment relationship, the frequency of examination, or Dr. Lin's specialization. AR 21. As a result, it is unclear to what extent, if any, the ALJ considered those other factors and how those factors informed the ALJ's decision to give Dr. Lin's opinion little weight. *See Trevizo*, 871 F.3d at 676 (holding that failure to consider 20 C.F.R. § 404.1527(c) factors alone constitutes reversible error).

With respect to the ALJ's second responsibility—providing reasons for rejecting or discounting the treating physician's opinion—the ALJ did not expressly find that any other

5

physician contradicted Dr. Lin's opinion.[3]  When a treating physician's opinion is not contradicted by another physician, the ALJ must provide "clear and convincing" reasons for rejecting or discounting the opinion, supported by substantial evidence. *Id.* at 675. Here, the ALJ found Dr. Lin's opinion "overly restrictive and inconsistent with the evidence of record as a whole." AR 21. The ALJ did not find Dr. Lin's description of extreme limitations to be supported by Ms. Parra's diagnosed impairments—specifically, the ALJ cited a disconnect between Ms. Parra's diagnoses and the limitations Dr. Lin asserted. *Id.* For example, the ALJ noted that Dr. Lin did not explain how Ms. Parra's shoulder injury resulted in significant handling and fingering restrictions absent any neurological deficits or muscle weakness. *Id.* Nor did Dr. Lin explain how Ms. Parra's lower back injury required her to never look down or to rarely look in other directions. *Id.* Dr. Lin's medical notes do not indicate that Ms. Parra ever complained of any problems using her right hand or fingers or her neck. AR 302–35. In fact, Dr. Lin's notes expressly observed that Ms. Parra denied any pain in her neck. AR 305, 306, 310 (checking boxes for "back pain" but not "neck pain," and noting that "[t]he patient denies lumps or pain in her neck"). Because "[a] conflict between treatment notes and a treating provider's opinions may constitute an adequate reason to discredit the opinions of a treating physician," the Court finds that the disconnect between Ms. Parra's diagnoses and Dr. Lin's opinion to be a clear and convincing reason based on substantial evidence to discount Dr. Lin's opinion. *Ghanim*, 763 F.3d at 1162.

Additionally, the ALJ rejected Dr. Lin's assertion of mental limitations because Dr. Lin is not a psychologist and his treatment notes did not show that he ever evaluated Ms. Parra's mental status. Ms. Parra does not deny that Dr. Lin is not a psychologist, but instead argues that the ALJ's criticism of Dr. Lin on this point is "improper because Dr. Lin did not address a separate

---

[3] The ALJ found Dr. Lin's postural and exertional limitations too restrictive in light of Dr. Rana's examination findings. AR 21. Thus, it appears that Dr. Rana's opinion was at least somewhat inconsistent with Dr. Lin's opinion. *See Trevizo*, 871 F.3d at 676 (inferring from the record that treating physician's opinion was inconsistent with non-examining physician's opinion); *see also Lapuzz v. Berryhill*, 740 F. App'x 596, 597 (9th Cir. 2018) (citing *Trevizo* for the proposition that the "specific and legitimate standard for contradicted medical opinions applies when this court can infer from the record that a medical opinion is contradicted"). However, even if the ALJ had expressly found that Dr. Rana's opinion contradicted Dr. Lin, the ALJ nevertheless provided clear and convincing reasons based on substantial evidence for discounting Dr. Lin's opinion, as discussed below.

6

psychological impairment, but opined [that Ms.] Parra had symptoms of depression, decreased energy, and sleep disturbance because of her other impairments." Dkt. No. 18 at 9. The Court does not find Ms. Parra's reading of Dr. Lin's opinion to be a fair one, because the question to which Dr. Lin responded in the medical source statement required him to "[i]dentify psychological conditions and/or symptoms *affecting your patient's physical condition*." AR 426 (emphasis added). The question did not ask Dr. Lin to opine on whether those conditions were *caused by her other impairments*, as Ms. Parra suggests. At any rate, "the ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings." *Bray*, 554 F.3d at 1228 (quoting *Thomas*, 278 F.3d at 957) (internal quotation marks omitted). Although Dr. Lin's June 26, 2014 treatment note describes Ms. Parra reporting difficulty sleeping due to her shoulder pain, Ms. Parra cites to no medical evidence in the record supporting Dr. Lin's finding of depression or decreased energy. Accordingly, the Court finds that the ALJ provided clear and convincing reasons based on substantial evidence to reject Dr. Lin's opinion as to Ms. Parra's mental limitations.

Finally, the ALJ concluded that Dr. Lin's postural and exertional limitations were overly restrictive in view of Ms. Parra's "routine treatment" for her diagnoses and consultative examining physician Dr. Farah Rana's opinion of adequate physical examination findings. *Id.* Ms. Parra argues that the ALJ did not explain why routine treatment would necessarily invalidate Dr. Lin's opinion on her postural and exertional limitations, and that other doctors agreed that Ms. Parra should avoid lifting, pushing, or pulling more than 10 pounds. Dkt. No. 18 at 9. However, the ALJ noted that Ms. Parra received conservative treatment consisting of muscle relaxants and Ibuprofen. AR 19 (citing AR 377, 388). Moreover, the ALJ noted that Ms. Parra's most recent medical records from July 2015 to November 2016 indicated that she did not take any medications at all for her back or shoulder pain and that she exhibited a normal range of motion, muscle strength, and stability in all extremities. *Id.* (citing AR 445–531). The ALJ therefore provided clear and convincing reasons based on substantial evidence for rejecting Dr. Lin's postural and exertional limitations.

As noted above, the ALJ did not consider all of the factors he was required to consider

7

under 20 C.F.R. § 404.1527(c)(2)-(6) in discounting the opinion of Ms. Parra's treating physician. Ordinarily, that failure would constitute reversible error. *Trevizo*, 871 F.3d at 676. However, the ALJ's conclusion that Dr. Lin's opinion lacked support in Ms. Parra's diagnoses and the medical record as a whole constitutes an independent, clear and convincing reason for discounting Dr. Lin's opinion. *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008) (finding a single erroneous basis for an ALJ's determination is harmless error if valid reasons supporting that determination remain); *Warn v. Colvin*, No. 2:11-cv-2045 KJN, 2013 WL 943411, at *13 n.10 (E.D. Cal. Mar. 11, 2013) (finding that despite two improper reasons for discounting examining psychiatrist's opinion, the ALJ gave other valid reasons for attributing less weight to the opinion, so the errors were harmless).

For these reasons, the Court concludes that the ALJ did not err in discounting Dr. Lin's opinion regarding the extent of Ms. Parra's physical limitations.

### 2. Consultative examining physician Farah Rana, M.D.; non-examining physicians F. Greene, M.D. and G. Lee, M.D.

Ms. Parra also contends that the ALJ erred in rejecting the portions of the opinions of consultative examining physician Dr. Farah Rana and non-examining state agency physicians Drs. F. Greene and G. Lee concerning Ms. Parra's ability to reach. Dkt. No. 18 at 10.

Dr. Rana examined Ms. Parra on April 7, 2015 and observed that Ms. Parra's right shoulder joint was tender with less than normal range of motion: forward flexion and abduction was 0-90 degrees, extension and adduction was 0-30 degrees, and internal and external rotation was 0-50 degrees. AR 423. As a result, Dr. Rana opined that Ms. Parra "would have some difficult working above her head with her right arm because of right shoulder pain." AR 424. On April 20, 2015, non-examining physician Dr. Greene opined that Ms. Parra was limited in her ability to reach overhead with her right arm, but that she could do so on an occasional basis. AR 102–03. Dr. Lee affirmed Dr. Greene's opinion as to Ms. Parra's ability to reach on October 20, 2014. AR 116–17.

The ALJ gave Dr. Rana's opinion concerning reaching "reduced weight" for two reasons. First, although the ALJ acknowledged "more significant abnormal findings" shortly after Ms.

8

Parra's injury occurred, he stated that the medical record's lack of consistent follow-ups and conservative treatment suggested that Ms. Parra's symptoms did not last for an extended period. AR 20. Second, the ALJ determined that Ms. Parra was capable of frequent reaching with her right arm and had no postural limitations based on her normal musculoskeletal findings. AR 20; *see also* AR 21 (giving little weight to Dr. Lin's and treating physician assistant Niala Saeed's statements concerning Ms. Parra's reaching ability because "[s]ubsequent treatment records in 2015 and onwards make no mention of back and/or right shoulder pain, and in fact, make normal musculoskeletal findings"). As discussed above, the ALJ noted that Ms. Parra's most recent medical records from July 2015 to November 2016 indicated that she did not take any medications at all for her back or shoulder pain and that she exhibited a normal range of motion, muscle strength, and stability in all extremities. AR 19 (citing AR 445–531). The ALJ therefore provided clear and convincing reasons based on substantial evidence for rejecting Drs. Rana, Greene, and Lee's reaching limitations.

Accordingly, the Court denies Ms. Parra's motion for summary judgment and grants the Commissioner's cross-motion for summary judgment concerning medical source opinions.

### B. Assessment of Ms. Parra's Credibility

In finding that Ms. Parra is not disabled, the ALJ determined that "the claimant's statements concerning the intensity, persistence, and limiting effects" of her symptoms were "not entirely consistent with the medical evidence and other evidence in the record," based primarily upon her conservative treatment, a large treatment gap between September 2014 through July 2015, and more recent treatment records indicating no pain or medications and normal physical findings. AR 19–20. Ms. Parra argues that the ALJ erred in determining that her hearing testimony was less than fully credible. Dkt. No. 18 at 11–13.

In evaluating the credibility of a claimant's testimony regarding subjective symptoms, an ALJ must engage in a two-step analysis. *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035–36 (9th Cir. 2007). "First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged." *Id.* at 1036 (internal citations and quotation marks omitted). The

9

claimant is not required to show that his impairment "could reasonably be expected to cause the severity of the symptom [he] has alleged; [he] need only show that it could reasonably have caused some degree of the symptom." *Id.* (internal quotation omitted). "[O]nce the claimant produces objective medical evidence of an underlying impairment, an adjudicator may not reject a claimant's subjective complaints based solely on a lack of objective medical evidence to fully corroborate the alleged severity . . . ." *Bunnell v. Sullivan*, 947 F.2d 341, 345 (9th Cir. 1991) (internal citation omitted). At the second step, unless there is affirmative evidence showing that the claimant is malingering, "the ALJ can reject the claimant's testimony about the severity of [his] symptoms only by offering specific, clear and convincing reasons for doing so." *Smolen v. Chater*, 80 F.3d 1273, 1282 (9th Cir. 1996). "General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995).

Because the ALJ did not find that Ms. Parra was malingering, he was required to provide clear and convincing reasons to justify his rejection of Ms. Parra's testimony about the severity of her symptoms. The Court concludes that the ALJ has met this standard.

### 1. Objective medical evidence of underlying impairment

The ALJ concluded that Ms. Parra's history of lumbosacral disc injury and right shoulder rotator cuff injury could reasonably be expected to cause the symptoms she alleges, including significant chronic pain. AR 19–20. Neither party challenges this conclusion.

### 2. The ALJ's analysis regarding the severity of symptoms

The ALJ determined that Ms. Parra's statements regarding the intensity, persistence, and limiting effects of her symptoms were inconsistent with the medical evidence and other evidence in the record. In particular, the ALJ concluded that Ms. Parra's conservative treatment of muscle relaxants and Ibuprofen, the treatment gap in Ms. Parra's records from September 2014 through July 2015, and Ms. Parra's most recent records indicating no pain, no pain medication, and no abnormal physical findings upon exam did not support the alleged severity of symptoms.

#### a. Objective medical evidence

Here, the ALJ considered the results of Ms. Parra's MRIs, which indicated mild

degenerative changes of the lumbar spine with evidence of spasm and multilevel mild facet arthrosis with mild neural foraminal narrowing in her lower back, as well as a partial tear and mild to moderate arthrosis of the acromioclavicular joint in her right shoulder. AR 19 (citing AR 417–20). The ALJ also considered x-ray imaging results which showed only "mild degenerative changes" and "no evidence of acute disease" in her back and no significant findings with respect to her shoulder. *Id.* (citing AR 421). The objective medical evidence showed that Ms. Parra's injuries were mild or moderate in nature.

### b. Medical record evidence

"Although lack of medical evidence cannot form the sole basis for discounting pain testimony, it is a factor that the ALJ can consider in his credibility analysis. . . . The ALJ is permitted to consider lack of treatment in his credibility determination." *Burch*, 400 F.3d at 681. Here, the ALJ specifically noted that, in spite of the severe pain Ms. Parra alleged, she did not provide any medical records from September 2014 through July 2015, which the ALJ interpreted as evidence of possible significant improvement in her shoulder and back injuries and related pain. AR 19. The ALJ also cited Ms. Parra's more recent treatment records which indicated no back, joint, or neck pain, or any joint swelling or muscle weakness, as well as normal range of motion, muscle strength, and stability in all extremities. *Id.* Those same records also indicated that Ms. Parra informed her medical providers that she was not taking any medication for her back or shoulder pain. *Id.*

Ms. Parra first argues that the ALJ did not specify which of her testimony he found to be not credible. Dkt. No. 18 at 12. This argument is not well-taken. The ALJ described the portions of Ms. Parra's exertional questionnaire and hearing testimony concerning her symptoms and allegedly totally disabling impairments that he found to be less than credible. AR 19.

Second, Ms. Parra argues that the gap in her records was not the result of her voluntarily choosing to cease treatment, but rather her inability to afford it. Dkt. No. 18 at 12. At the hearing, Ms. Parra testified that she initially received care from a doctor selected by her workers' compensation attorney and that she ultimately could not afford the cost of those visits. AR 63–64 ("And if I want to go see the doctor that I was going with the lawyer with, it's $100 every time I

see him. I don't have $100 to go see him."). Ms. Parra also testified that her current doctor was unable to provide her with any further treatment for her back and shoulder because those injuries were subject to a workers' compensation action:

> Q. Okay. Is it possible she can't look at your shoulder because it was a workers' compensation case?
> A. I – that's – I think that's what I'm trying to say.
> . . .
> Q. Did she ever say to you that I can't treat your shoulder because it was a workers' comp case, or anything like that?
> A. Yeah, I think – I think so.
> . . .
> Q. Okay. Your current doctors, are they seeing you for your back? Are they treating you for your back at all?
> A. Just – I go in there because I'm in pain. So she just – they're not doing – nothing is being done.
> Q. So when you go and you say you have pain, she simply says take the medication and that's it?
> A. I think, like you said, they're not – they're not going to help me because it's not – it was a work – I don't know how to explain it.
> Q. Because it was work related?
> A. Yes.

AR 74–75. The ALJ's opinion did not mention any effects of Ms. Parra's economic circumstances or her workers' compensation case on her ability to seek further medical care for her impairments. Denying a disabled claimant benefits for failing to obtain medical treatment she cannot afford is error. *Gamble v. Chater*, 68 F.3d 319, 321 (9th Cir. 1995). In view of Ms. Parra's evidence that she could not afford treatment, the ALJ erred in relying on Ms. Parra's failure to obtain such treatment as a basis for discrediting her testimony. However, the ALJ provided other clear and convincing reasons for discrediting Ms. Parra's testimony, rendering this error harmless.

The ALJ looked beyond the gap in Ms. Parra's treatment to her medical records, which the ALJ found did not support her claims of total disability. The ALJ noted that Ms. Parra initially received conservative treatment consisting of muscle relaxants and Ibuprofen. AR 19 (citing AR 377, 388). Moreover, the ALJ noted that Ms. Parra's most recent medical records from July 2015 to November 2016 indicated that she did not take any medications at all for her back or shoulder pain and that she exhibited a normal range of motion, muscle strength, and stability in all extremities. *Id.* (citing AR 445–531). Although Ms. Parra testified that she complained of her

12

pain to her current doctor, that provider's medical records consistently lack any abnormal findings as to Ms. Parra's shoulder or back, or any notes of complaints about shoulder or back pain. *See, e.g.*, AR 446–47 (noting "negative" findings for any "[b]ack pain, joint pain, joint swelling, muscle weakness, and neck pain" and observing "[n]ormal range of motion, muscle strength, and stability in all extremities with no pain on inspection"); AR 449–50 (same); AR 470–71 (same); AR 476–77 (same); AR 466 ("negative" for "back pain"); AR 457–58 (noting "positive" findings for joint pain," but "negative" findings for any "[b]ack pain, joint swelling, muscle weakness, and neck pain" and observing "[n]ormal range of motion, muscle strength, and stability in all extremities with no pain on inspection"). The ALJ also considered Dr. Rana's opinion finding that Ms. Parra exhibited limited range of motion and tenderness in her right shoulder and lower back, but that she had full motor strength throughout and no sensory deficits that would otherwise suggest any neuropathic symptoms. AR 20. Therefore, the ALJ did not err in concluding that the medical evidence was inconsistent with the severity of Ms. Parra's reported symptoms. The record also reflects that the ALJ accounted for Ms. Parra's limitations by acknowledging that she could only perform light work with certain lifting, carrying, reaching, and postural limitations. AR 18.

The Court therefore finds that the ALJ provided clear and convincing reasons for his disability determination based on Ms. Parra's medical records and the objective medical evidence. Any error committed in assessing Ms. Parra's credibility based on a gap in treatment was harmless because other evidence in the record supports the ALJ's determination. The Court denies Ms. Parra's summary judgment motion and grants the Commissioner's summary judgment motion on this point.

### C.    Evaluation of Vocational Expert Testimony

Ms. Parra argues that the ALJ erred by relying on the vocational expert's response to a hypothetical that did not account for all her limitations. This argument essentially restates Ms. Parra's argument that the ALJ improperly discounted Ms. Parra's testimony and the opinions of Drs. Lin, Rana, Greene, and Lee.

An ALJ posing a hypothetical question to a vocational expert "must include 'all of the

claimant's functional limitations, both physical and mental' supported by the record." *Thomas*, 278 F.3d at 956 (quoting *Flores v. Shalala*, 49 F.3d 562, 570–71 (9th Cir. 1995)); *see also Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009); *Magallanes*, 881 F.2d at 756. Because the ALJ did not err in discounting Ms. Parra's testimony and the opinions of Drs. Lin, Rana, Greene, and Lee for the reasons stated above, the Court finds that the vocational expert's testimony was based upon the assumption of appropriate limitations. The Court denies Ms. Parra's motion for summary judgment on this issue.

## IV. DISPOSITION

The Social Security Act permits courts to affirm, modify, or reverse the Commissioner's decision "with or without remanding the case for a rehearing." 42 U.S.C. § 405(g); *see also Garrison v. Colvin*, 759 F.3d 995, 1019 (9th Cir. 2014). Based on the foregoing, Ms. Parra's motion for summary judgment is denied, and the Commissioner's cross-motion for summary judgment is granted. The Clerk of the Court shall enter judgment accordingly and close the file.

**IT IS SO ORDERED.**

Dated: January 3, 2020

VIRGINIA K. DEMARCHI
United States Magistrate Judge